### PROMISSORY NOTE—CONSIDERATION—DELIVERY.

[Circuit Court of Hamilton County.]

AUGUSTA J. BODE v. LOUIS WERNER.

Decided, February 24, 1904.

*Note—Consideration for Promise to Pay—Detriment to the Promisee May Constitute Consideration—Delivery—Pleading—Answer— Reply.*

1. An answer to a petition in the short form on a promissory note, which denies that "there is any sum due the plaintiff from her as endorser," and that she did not deliver the note to the plaintiff or cause it to be delivered to him, does not set up new affirmative matter making a reply necessary.

2. The putting of a promissory note in evidence makes a *prima facie* case, and casts the burden upon the defendant; and where no testimony is offered by the defendant, a verdict and judgment on the note must be affirmed.

JELKE, J.; GIFFEN, P. J., and SWING, J., concur.

Louis Werner, plaintiff below, sued Augusta J. Bode as endorser, by filing the usual short form petition on a promissory note, to which the following answer was made:

"And now comes the defendant and for answer to the plaintiff's petition says that she denies that there is due the plaintiff from her as endorser the sum of $1,000 with interest, or any other sum.

"Defendant further says that she did not deliver said note to said plaintiff, and did not cause the same to be delivered to him, and that he did not pay to her any consideration for the same.

"Wherefore, she prays that said plaintiff be ordered to deliver said note to her and for all other and proper relief."

To this answer no reply was filed.

On the trial plaintiff offered the note and counsel for Augusta J. Bode objected to the offering of any testimony on the ground that the issue was not closed by a reply.   The objection

was overruled, and exception noted, whereupon both sides rested and the court directed the jury to bring in a verdict for the plaintiff.

We are of opinion that the above answer does not set up new affirmative matter, making a reply necessary.

On the subject of consideration the answer is insufficient.

"An answer to a suit on a proimssory note, averring that there was no consideration for it, moving to the promisor, is not sufficient as a defense, as it does not preclude the possible fact that there was detriment or loss to the promisee, which constitutes a consideration for a promise as well as a benefit to the promisor. *Dalrymple, Administrator* v. *Wyker, Administrator,* 60 O. S., 108.

It is likewise insufficient on the subject of delivery.

"Delivery need not be specially averred in the declaration upon a note or bill. The word 'promised' or 'made' sufficiently implies delivery in pleading. Delivery, is in general, presumed from possession of the bill or note." Section 217 Randolph on Commercial Paper.

"If the maker of a negotiable promissory note does not find it in the hands of the payee, when it falls due, he should presume, as the law presumes, that it has been transferred, and pay it when and where he finds it. Poland, J." *Griswold* v. *Davis,* 31 Vermont, 390.

Also see last sentence of Section 3171*o* of the New Negotiable Instrument Code:

"And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved," which as a statute has no application to this case but is a statement of the common law incorporated into the code.

Giving this answer its greatest merit it must be looked at as a general denial of the essential averments of the petition and as such not requiring a reply.

The note made out a *prima facie* case and put the burden on the defendant below, who offered no testimony, and hence the verdict and judgment upon the same were right and will be affirmed.

*Goebel & Bettinger,* for plaintiff in error.

*W. A. Hicks, G. W. Hengst,* contra.